**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elkino Dawkins, Sr, | No. CV-26-00186-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| The Office of Personnel Management, | |
| Defendant. | |

Before the Court is pro se Plaintiff Elkino Dawkins, Sr.'s Complaint alleging various constitutional violations (Doc. 1) and Application to Proceed In District Court Without Prepaying Fees or Costs ("Application") (Doc. 2). The Court will deny the Application without prejudice and direct Plaintiff to file an amended complaint.

**I.      Application to Proceed In District Court Without Prepaying Fees and Costs**

Plaintiff's Application states he cannot pay the costs associated with these proceedings because he is homeless. Doc. 2 at 5. Plaintiff also asserts he makes $170 a month from his employment, but the application does not list any former or current employers. *Id.* at 2–3. Plaintiff states he spends $293 a month on food but lists $0 in total monthly expenses. *Id.* at 4–5.

Given these inconsistencies, some of the information in Plaintiff's Application is necessarily inaccurate. Plaintiff has filed at least eight other actions in the District of Arizona, two of which he filed contemporaneously with the instant action.[1] Plaintiff has

---

[1] *Dawkins v. Jones*, 4:21-CV-287; *Dawkins v. H & R Block*, 4:21-CV-288; *Dawkins v. Fed. Bureau of Investigation*, 4:22-CV-456; *Dawkins v. Pima Community College*,

been granted *in forma pauperis* status in each prior action. Each time, Plaintiff has failed to state a claim and amend his complaints as the Court directed. Plaintiff's history of filing insufficient complaints and failing to follow Court orders to correct the deficiencies has been a drain on judicial resources. Given this history and the inconsistencies in Plaintiff's Application, the Court declines to use its discretion to grant Plaintiff *in forma pauperis* status. The Court will give Plaintiff 30 days from the date of this Order to pay the $350.00 filing fee and the $55.00 administrative fee or file a renewed application addressing the inconsistencies discussed above. Failure to pay these fees or file a renewed application within 30 days will result in the dismissal of this case without further notice.

## II.     Complaint

Under 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted *in forma pauperis* status, the Court must screen and dismiss a complaint that fails to state a claim on which relief may be granted. To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, because the Court will deny Plaintiff's Application, screening the Complaint under 28 U.S.C. § 1915(e)(2) would be premature. Still, in the interest of judicial efficiency, the Court conducted a cursory review of the Complaint. The Complaint asserts that Defendant violated Plaintiff's constitutional rights under various amendments, but it

---

4:22-CV-457; *Dawkins v. Dep't of Econ. Sec.*, 4:22-CV-458; *Dawkins v. Ariz. Dep't of Econ. Sec.*, 4:24-CV-237; *Dawkins v. Dep't of Econ. Sec.*, 4:26-CV-185; *Dawkins v. Capital One Fin. Corp.*, 4:26-CV-187.

does not contain a single factual allegation to support these claims. As such, the Complaint plainly fails to state a claim on which relief could be granted. Because the Court would dismiss the Complaint upon screening, the Court will direct Plaintiff to file an amended complaint that includes factual allegations to support his claims.

**III.    Order**

Accordingly,

**IT IS ORDERED denying** Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2). Plaintiff must pay the $350.00 filing fee and the $55.00 administrative fee or file a renewed application within **30 days** of the date of this Order. If Plaintiff fails to either pay the fees or file a renewed application within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

**IT IS FURTHER ORDERED directing** Plaintiff to file an amended complaint addressing the above deficiencies within **30 days** of the date of this Order. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice for failure to abide by Court order and deny any pending unrelated motions as moot.

Dated this 20th day of April, 2026.

John C. Hinderaker
United States District Judge

- 3 -