**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Elkino Dawkins, Sr,<br>Plaintiff,<br>v.<br>Office of Personnel Management,<br>Defendant. | No. CV-26-00186-TUC-JCH<br>**ORDER** |

Pending before the Court is pro se Plaintiff Elkino Dawkins, Sr.'s Second Amended Complaint (Doc. 10). Plaintiff first filed this action on April 13, 2026, alleging various constitutional violations and requesting to proceed *in forma pauperis* ("IFP"). Docs. 1, 2. On April 21, 2026, the Court denied Plaintiff's Application to Proceed IFP and ordered Plaintiff to file a new IFP application and amended complaint within 30 days. Doc. 5. The Court explained that Plaintiff's IFP application contained inconsistencies that made some of the information necessarily inaccurate. Doc. 5 at 1–2. For example, Plaintiff asserted he made $170 a month from his employment, but the application did not list any former or current employers. Doc. 2 at 1–2. In Plaintiff's Complaint, he vaguely listed that his constitutional rights under the 2nd, 4th, 5th, 7th, 9th, 10th, 11th, 13th, and 14th Amendments were violated and did not include any facts explaining how his rights were violated by Defendant The Office of Personnel Management, thus failing to state a claim. Doc. 1 at 3–4.

On June 8, 2026, Plaintiff subsequently filed a First Amended Complaint ("FAC")

and a Renewed Application to Proceed IFP. Docs. 7, 8. The FAC lacked the necessary facts again, containing only the parties' names, Plaintiff's address, and Plaintiff's signature. Doc. 7 at 1–2, 5. The rest was left blank. *Id.* at 3–4. On the renewed IFP application, Plaintiff stated that he now makes $1,000 a month—but again lists no former or current employers—and that he has no assets and expenses. Doc. 8.

On August 10, 2026, the Court denied Plaintiff's Renewed Application to Proceed IFP (Doc. 8), giving Plaintiff 30 days to pay the filing fee or file a renewed application addressing the inconsistencies. Doc. 9 at 2. The Court gave Plaintiff a second opportunity to amend the FAC with specific instructions for the Second Amended Complaint ("SAC"). *Id.* at 3–4.

On August 14, 2026, Plaintiff timely filed the SAC without a renewed IFP application. Doc. 10. For the reasons below, the Court will now dismiss the SAC without leave to amend and with prejudice.

## I. Screening of Complaints

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted).

Courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotations omitted). If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000).

**II. Second Amended Complaint**

Here, the SAC is nearly blank again. Where the form asks Plaintiff to identify the basis for jurisdiction, state his claims, and explain the amount in controversy, Plaintiff only wrote, "The same as referred from Case 4:26-cv-00186-JCH," or similar language. Doc. 10 at 3–4. When asked what relief he seeks, Plaintiff wrote that the relief "is left to the Judge's discernment." *Id.* at 4. Reviewing the SAC liberally, Plaintiff's reference to this case number does not fix the problem. The Court specifically told Plaintiff that his SAC had to be complete by itself and could not refer to his earlier complaints. Doc. 9 at 3. Even so, Plaintiff's earlier complaints do not contain the missing facts. Thus, the SAC fails to comply with both Rule 8 and the Court's most recent order (Doc. 9).

**III. Dismissal**

A district court may dismiss an action with prejudice under Rule 41(b) when a plaintiff fails to obey an order directing him to file a complaint that complies with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1177, 1179–80 (9th Cir. 1996) ("The harshness of a dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial. Since harshness is a key consideration in the district judge's exercise of discretion, it is appropriate that he consider the strength of a plaintiff's case if such information is available to him before determining whether dismissal with prejudice is appropriate.") (internal quotations omitted). The Court must consider: (1) the public's interest in resolving cases promptly; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the policy favoring decisions on the merits; and (5) whether less drastic alternatives are available. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The factors support dismissal with prejudice when at least four favor dismissal or at least three strongly favor dismissal. *Id.*

Plaintiff has received two opportunities to correct his pleading. The original Complaint contained no supporting facts, and the FAC was nearly blank. Docs. 1, 7. The Court gave Plaintiff clear instructions and warned that another deficient complaint could result in dismissal with prejudice. Doc. 9 at 3–4. Plaintiff nevertheless filed a SAC that

repeats the same defects. Doc. 10. The first, second, and fifth factors strongly favor dismissal and outweigh the remaining factors. Upon a third review of Plaintiff's complaint, it is clear further amendment would serve no purpose, and the Court exercises its discretion under Rule 41(b) to dismiss this action with prejudice.

**IV. Vexatious-Litigation Warning**

The Court again warns Plaintiff about filing frivolous actions. Plaintiff has filed at least eight other actions in this District, and each was dismissed for failure to state a claim or failure to follow a court order.[1] The Court does not impose filing restrictions today. Before doing so, the Court must give Plaintiff notice and an opportunity to respond, create an adequate record, make findings that Plaintiff's filings are frivolous or harassing, and narrowly tailor any restrictions. *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014). Plaintiff is warned that continued frivolous filings or disregard of court orders may lead the Court to order him to show cause why filing restrictions should not be imposed.

**V. Order**

Accordingly,

**IT IS ORDERED dismissing** Plaintiff's Second Amended Complaint (Doc. 10) without further leave to amend in this action.

**IT IS FURTHER ORDERED dismissing** this action **WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to comply with the Federal Rule of Civil Procedure 8 and the Court's previous orders (Docs. 5, 9).

.

.

.

.

[1] *Dawkins v. Jones*, 4:21-CV-287; *Dawkins v. H & R Block*, 4:21-CV-288; *Dawkins v. Fed. Bureau of Investigation*, 4:22-CV-456; *Dawkins v. Pima Community College*, 4:22-CV-457; *Dawkins v. Dep't of Econ. Sec.*, 4:22-CV-458; *Dawkins v. Ariz. Dep't of Econ. Sec.*, 4:24-CV-237; *Dawkins v. Dep't of Econ. Sec.*, 4:26-CV-185; *Dawkins v. Capital One Fin. Corp.*, 4:26-CV-187.

**IT IS FURTHER ORDERED denying** any pending applications and unrelated motions as moot and directing the Clerk of the Court to enter judgment and close this case.

Dated this 8th day of September, 2026.

John C. Hinderaker
United States District Judge